IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BROTHERS AND SISTERS IN CHRIST, LLC | )<br>)<br>) |
| Plaintiff, | )<br>) |
| Vs. | ) Case No. |
| CAFEPRESS, INC. | )<br>)<br>) |
| Defendant. | )<br>)<br>) |
| Serve: Registered Agent | )<br>) |
| CT CORPORATION SYSTEM<br>Suite 512<br>306 West Main Street<br>Frankfort, Kentucky 40601 | )<br>)<br>)<br>)<br>) |

## COMPLAINT

For its complaint against Defendant CAFEPRESS, Inc. ("Defendant"), Plaintiff Brothers And Sisters In Christ, LLC ("BASIC"), alleges and states as follows:

1. Plaintiff BASIC is a Missouri limited liability corporation, in good standing, registered to do business in Missouri with its principal office located in Missouri, and its registered agent located in Missouri.

2. BASIC is engaged in the business of selling clothing.

3. Defendant is a Delaware corporation with its principal place of business located in Kentucky, has its registered agent located in Kentucky, and is not authorized to do business in Missouri.

4. Defendant sells clothing which competes with clothing made and sold by BASIC.

5. Plaintiff is the owner and user of the trademark "love happens" and the United States Patent and Trademark Office granted BASIC the trademark of "love happens" for use with clothing. BASIC's registered trademark has a serial number of 86925193, a registration number of 5115983, and was registered on January 3, 2017.

6. This Court has subject matter jurisdiction under section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338. Subject matter jurisdiction over BASIC's related state and common law claims is proper pursuant to 28 U.S.C. §§ 1338 and 1367.

7. This Court has personal jurisdiction over Defendant, under the Missouri Long Arm Statute and the Due Process Clause of the United States Constitution because Defendant has committed torts or trademark infringement in the State of Missouri, because Defendant has sent trademark infringing goods into the State of Missouri, and because Defendant regularly transacts and conducts business within Missouri.

8. Defendant operates a worldwide business selling goods worldwide and into Missouri through a website and Defendant advertises on its website a shirt titled the "LOVE HAPPENS" shirt. A true and accurate copy of Defendant's webpage advertising the "LOVE HAPPENS" T-Shirt is denoted Exhibit #1 and is attached to this Complaint.

9. During 2019, Defendant sold a shirt prominently displaying the trademarked phrase "LOVE HAPPENS" into Missouri and a true and accurate photo of the front of Defendant's shirt is denoted Exhibit #2 and is attached to this Complaint.

10. A true and accurate copy of the order confirmation, sent by Defendant, along with emails sent to the Plaintiff's officer in Missouri about the order is attached to this Complaint and denoted Exhibit #3.

11. The United States District Court for the Eastern District of Missouri is the proper venue for this lawsuit because a substantial part of the events or omissions giving rise to this claim of trademark infringement occurred in this Judicial District for the United States District Court for the Eastern District of Missouri according to 28 U.S.C. §1391(b)(2):

    a. The Trademark Holder and Owner, BASIC, is incorporated in Missouri and has its principal place of business in St. Louis County, State or Missouri, and has its registered agent located in St. Louis County, State of Missouri;

    b. Defendant advertises and sells its trademark infringing goods in the State of Missouri as shown on Exhibit #1;

    c. Defendant advertised, sold, and shipped its trademark infringing goods to a purchaser located in Clayton, Missouri, as set shown by Exhibits 1-3; and,

    d. Before filing suit, during 2019, BASIC's legal counsel wrote Defendant from his office in Missouri, and told Defendant to cease and desist infringing BASIC's trademark in "love happens" but Defendant did not stop its infringements.

12. BASIC's trademark in "love happens" is strong and clearly identifies the goods sold by BASIC and is used on BASIC's clothing and is understood by BASIC's past, present, and potential customers to identify BASIC's goods.

13. A trademark protects against infringement of the word or words trademarked and anything confusingly similar.

14. Defendant has violated and infringed BASIC's trademark in the word(s) "love happens" by advertising and selling goods which have the words "love happens" on the front in large letters.

15. Defendant's prominent use of "love happens" on its clothing products is a blatant attempt by Defendant to trade on the good will of BASIC and to confuse the public and customers and potential customers into believing that Defendant's shirts are from BASIC and that Defendant sells BASIC's goods.

16. Defendant's use of Plaintiff's trademark is likely to cause public, customer or potential customer confusion, and deceive the public, customers, and potential customers as to the source of Defendant's products and leave reasonable people to believe that Defendant is Plaintiff and Defendant's products are Plaintiff's.

17. Defendant's use of Plaintiff's trademark is unlawful and is causing irreparable harm to Plaintiff's brand.

18.  Plaintiff brings this action at law and in equity for trademark infringement and dilution, unfair competition, and unfair business practices arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq.* (2009) ("Lanham Act"); the anti-dilution laws of several states; the fair business practices and unfair and deceptive trade practices acts of several states; and the common law. Among other relief, Plaintiff asks this Court to: (a) though a temporary restraining order, preliminary injunction, and permanent injunction from using "love happens" or anything confusingly similar in its advertising, web marketing, or advertising or web (b) award Plaintiff monetary damages and to treble that award; (c) require Defendant to disgorge all profits from sales to customers of clothing including the words "love happens"; and (e) award Plaintiff punitive damages, attorneys' fees, and costs.

19. BASIC's trademark is known in the clothing industry among both competitors, customers, and potential customers.

20. BASIC has used its trademark for years.

21. BASIC has for years advertised its mark in the clothing industry among both competitors, customers, and potential customers.

22. As a result of BASIC's use and promotion of its name and trademark, BASIC has built up and now owns valuable goodwill that is symbolized by the mark.

23. Clothing customers, and potential customers, have come to associate the words "love happens" with BASIC.

24. In blatant disregard of BASIC's rights, Defendant is now using and has arranged to use the words "love happens", on its clothing as set forth above.

25. On information and belief, Defendant knew of BASIC's mark, and is now intentionally misleading customers and potential customers by using BASIC's mark on Defendant's clothing.

26. Defendant's wrongful acts are likely to and have cause customers and potential customers to mistakenly attribute Defendant's business and products with BASIC's.

27. Defendant has acted intentionally and maliciously.

28. Plaintiff has and will continue to incur legal fees in bringing, prosecuting, and prevailing on this lawsuit.

## COUNT 1

### (Federal Trademark Infringement)

29. BASIC repeats and incorporates by reference the allegations in the preceding paragraphs 1-28.

30. Defendant's use of an essentially identical mark as BASIC's mark is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's goods are manufactured or distributed by BASIC, or are associated or connected with BASIC, or have the sponsorship, endorsement, or approval of BASIC.

31. Defendant's infringing use of "love happens" is confusingly similar to Plaintiff's federally registered mark in violation of 15 U.S.C. § 1114. Defendant's activities are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to BASIC's goodwill and reputation as symbolized by Plaintiff's Mark, for which BASIC has no adequate remedy at law.

32. Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's Mark to BASIC's and are causing BASIC great and irreparable harm.

33. Defendant caused and is likely to continue causing substantial injury to the public and to BASIC, and BASIC is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## COUNT 2

**(Federal Unfair Competition)**

34. BASIC repeats and incorporates by reference the allegations in the preceding paragraphs 1-33.

35. Defendant's use of a confusingly similar imitation of Plaintiff's Mark has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's goods are manufactured or distributed by Plaintiff, or are affiliated, connected, or associated with Plaintiff, or have the sponsorship, endorsement, or approval of Plaintiff.

36. Defendant has made false representations, false descriptions, and false designations of, on, or in connection with its goods in violation of 15 U.S.C. § 1125(a). Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to BASIC's goodwill and reputation as symbolized by Plaintiff's Mark, for which Plaintiff has no adequate remedy at law.

37. Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's Mark to the great and irreparable injury of Plaintiff.

38. Defendant's conduct has caused, and is likely to continue causing, substantial injury to the public and to Plaintiff. Plaintiff is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

### COUNT 3
**(Unfair and Deceptive Trade Practices)**

39. Plaintiff repeats and incorporates by reference the allegations in the preceding paragraphs 1-38.

40. Defendant has been and is passing off its goods as those of Plaintiff, causing a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of Defendant's goods, causing a likelihood of confusion as to Defendant's affiliation, connection, or association with Plaintiff, and otherwise damaging the public.

41. Defendant's conduct constitutes unfair and deceptive acts or practices in the course of a business, trade, or commerce in violation of the unfair and deceptive trade practices statutes of several states, including California CAL. BUS. & PROF. CODE § 17200, *et seq.* (West 2009); Colorado, COLO. REV. STAT. ANN. §§ 6-1-101 to 6-1-115 (West 2009); Delaware, DEL. CODE ANN. tit. 6, §§ 2531 to 2536 (2009); Georgia, GA. CODE ANN. §§ 10-1-370 to 10-1-375 (2009); Hawaii, HAW. REV. STAT. §§ 481A-1 to 481A-5 (2009); Illinois, ILL. COMP. STAT. ANN. ch. 815, 510/1 to 510/7 (2009); Maine, ME. REV. STAT. ANN. tit. 10, §§ 1211 to 1216 (West 2009); Minnesota, MINN. STAT. ANN. § 325D.43 to .48 (West 2009); Missouri, Missouri Merchandising Practices Act Chapter 407 R.S.Mo.; Nebraska, NEB. REV. STAT. §§ 87-301 to 87-306 (2009); New Mexico, N.M. STAT. ANN. §§ 57-12-1 to 57-12-22 (Michie 2009); New York, N.Y. GEN. BUS. Law § 349 (McKinney 2009); Ohio, OHIO REV. CODE ANN. §§ 4165.01 to 4165.04 (Baldwin 2009); and Oklahoma, OKLA. STAT. ANN. tit. 78, §§ 51 to 55 (West 2009).

42. Defendant's unauthorized use of a confusingly similar imitation of Plaintiff's Mark has caused and is likely to cause substantial injury to the public and to Plaintiff. Plaintiff, therefore, is entitled to injunctive relief and to recover damages and, if appropriate, punitive damages, costs, and reasonable attorneys' fees.

## COUNT 4
### (Common Law Trademark Infringement and Unfair Competition)

43. BASIC repeats and incorporates by reference the allegations in the preceding paragraphs 1-42.

44. Defendant's acts constitute common law trademark infringement and unfair competition, and have created and will continue to create, unless restrained by this Court, a likelihood of confusion to the irreparable injury of Plaintiff. Plaintiff has no adequate remedy at law for this injury.

45. On information and belief, Defendant acted with full knowledge of Plaintiff's use of, and statutory and common law rights to, Plaintiff's Mark and without regard to the likelihood of confusion of the public created by Defendant's activities.

46. Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's Mark to the great and irreparable injury of Plaintiff.

47. As a result of Defendant's acts, Plaintiff has been damaged in an amount not yet determined or ascertainable. At a minimum, however, Plaintiff is entitled to injunctive relief, to an accounting of Defendant's profits, damages, and costs. Further, in light of the deliberate and malicious use of Plaintiff's name and Mark, and the need to deter Defendant from engaging in similar conduct in the future, Plaintiff additionally is entitled to punitive damages.

## COUNT 5
### (Dilution and Injury to Business Reputation)

48. Plaintiff repeats and incorporates by reference the allegations in the preceding paragraphs 1-47.

49. Plaintiff has promoted and used its Mark throughout the United States, and Plaintiff's Mark became a distinctive, famous, and well-known symbol of Plaintiff's goods well before Defendant began using Plaintiff's Mark.

50. Defendant's conduct dilutes and is likely to dilute the distinctiveness of Plaintiff's Mark by eroding the public's exclusive identification of this mark with Plaintiff, and tarnishing and degrading the positive associations and prestigious connotations of the mark, and otherwise lessening the capacity of the mark to identify and distinguish Plaintiff's goods.

51. Defendant is causing and will continue to cause irreparable injury to Plaintiff's goodwill and business reputation and dilution of the distinctiveness and value of Plaintiff's famous and distinctive mark in violation of the Federal anti-dilution statute, Oregon anti-dilution statute, O.R.S. § 647.107 (2009), as well as the anti-dilution laws of several other states, including Alabama, ALA. CODE § 8-12-17 (2009); Alaska, ALASKA STAT. § 45.50.180 (Michie 2009); Arizona, ARIZ. REV. STAT. ANN. § 44-1448.01 (West 2009); Arkansas, ARK. CODE ANN. § 4-71-213 (2009); California, CAL. BUS. & PROF. CODE § 14247 (West 2009); Connecticut, CONN. GEN. STAT. ANN § 35-11i(c) (West 2009); Delaware, DEL. CODE ANN. tit. 6, § 3313 (2009); Florida, FLA. STAT. ANN. § 495.151 (West 2007); Georgia, GA. CODE ANN. § 10-1-451 (2009); Hawaii, HAW. REV. STAT. ANN. § 482-32 (Michie 2009); Idaho, IDAHO CODE § 48-513 (Michie 2009); Illinois, 765 ILL. COMP. STAT. ANN. 1036/65 (2009); Iowa, IOWA CODE ANN. § 548.113 (West 2009); Indiana, IN. CODE 24-2-13.5 (West 2009); Kansas, KAN. STAT. ANN. § 81-214 (2009); Louisiana, LA. REV. STAT. ANN. § 51:223.1 (West 2009); Maine, ME. REV. STAT. ANN. tit. 10, § 1530 (West 2000); Massachusetts, MASS. GEN. LAWS. ANN. ch. 110H, § 13 (West 2009); Minnesota, MINN.

STAT. ANN. § 333.285 (West 2009); Mississippi, MISS. CODE. ANN. § 75-25-25 (2009); Missouri, MO. ANN. STAT. § 417.061(1) (West 2009); Montana, MONT. CODE ANN. § 30-13-334 (2009); Nebraska, NEB. REV. STAT. ANN. § 87- 140 (Michie 2009); Nevada, NEV. REV. STAT. 600.435 (2007); New Hampshire, N.H. REV. STAT. ANN. § 350-A:12 (2009); New Jersey, N.J. STAT. ANN. 56:3-13.20 (West 2009); New Mexico, N.M. STAT. ANN. § 57-3B-15 (Michie 2009); New York, N.Y. GEN. BUS. Law § 360-l (2009); Pennsylvania, 54 PA. CONS. STAT. ANN. § 1124 (West 2009); Rhode Island, R.I. GEN. LAWS § 6-2-12 (2009); South Carolina, S. C. CODE ANN. § 39-15-1165 (2009); Tennessee, TENN. CODE ANN. § 47-25-513 (2009); Texas, TEX. BUS. & COM. CODE ANN. § 16.29 (Vernon 2009); Utah, UT. CODE ANN. § 70-3a-403 (2009); Washington, WASH. REV. CODE ANN. § 19.77.160 (West 2009); West Virginia, W.V. STAT. ANN. 47-2-13 (Michie 2009); and Wyoming, WYO. STAT. ANN. § 40-1-115 (Michie 2009).

52. Plaintiff, therefore, is entitled to injunctive relief, damages, and costs, as well as, if appropriate, enhanced damages, punitive damages, and reasonable attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Brothers And Sisters In Christ, LLC prays that:

Defendant CAREPRESS, Inc. and all of its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through or under authority from CAFEPRESS, Inc., or in concert or participation with CAFEPRESS, Inc., and each of them, be enjoined from:

1. advertising, marketing, promoting, offering for sale, distributing, or selling using the Mark love happens in connection with any of Defendant's goods;

2. using the words "love happens" or any other copy, reproduction, colorable imitation, or simulation of Plaintiff's Mark on or in connection with Defendant's goods;

3. using any trademark, name, logo, design, or source designation of any kind on or in connection with Defendant's goods or services that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to Porta-Fab's trademarks, trade dresses, names, or logos;

4. using any trademark, name, logo, design, or source designation of any kind on or in connection with Defendant's goods that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by Plaintiff, or are sponsored or authorized by Plaintiff, or are in any way connected or related to Plaintiff;

5. using any trademark, name, logo, design, or source designation of any kind on or in connection with Defendant's goods that dilutes or is likely to dilute the distinctiveness of Plaintiff's trademarks, trade dresses, names, or logos;

6. passing off, palming off, or assisting in passing off or palming off Defendant's goods as those of Plaintiff, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint; and

7. Defendant be compelled to account to Plaintiff for any and all profits derived by Defendant from the sale of goods with the words "love happens";

8. BASIC be awarded all damages against Defendant caused by the acts forming the basis of this Complaint;

9. Based on Defendant's knowing and intentional use of a confusingly similar imitation of Plaintiff's name and Mark, the damages awarded against Defendant be trebled and the award of Defendant's profits be enhanced as provided for by 15 U.S.C. § 1117(a);

10. Defendant be required to pay to Plaintiff the costs and reasonable attorneys' fees incurred by Plaintiff in this action pursuant to 15 U.S.C. § 1117(a) and the state statutes cited in this Complaint;

11. Based on Defendant's willful and deliberate infringement and/or dilution of the Plaintiff's Mark, and to deter such conduct in the future, Plaintiff be awarded punitive damages;

12. Plaintiff be awarded prejudgment and post-judgment interest on all monetary awards; and

13. Plaintiff be granted an award of taxable court costs and such other and further relief as the Court may deem just.

## JURY TRIAL DEMAND

Plaintiff respectfully demands a trial by jury on all claims and issues so triable.

SCHULTZ & ASSOCIATES, LLP

BY:   /s/ Robert Schultz_____
Robert Schultz #35329
640 Cepi Drive
Chesterfield, MO 63005
636-537-4645 / FAX: 636-537-2599
rschultz@sl-lawyers.com
*Attorney for Plaintiff*